OPINION JUDGMENT ENTRY
{¶ 1} Plaintiffs Tina Marie Woods, and Cindy Johnson appeal a summary judgment of the Court of Common Pleas, Probate Division, of Tuscarawas County, Ohio, entered in favor of defendant E.K. Wright, Executor of the Estate Ruth D. Butts, deceased, Patricia Ferry, Nicholas Ferry, and Dana Dillon. Appellants assign a single error to the trial court:
{¶ 2} "I. The trial court committed reversible error by sustaining a motion for summary judgment."
{¶ 3} The record indicates decedent Ruth D. Butts died August 4, 1999, at the age of eighty-two. Decedent was survived by two nieces, the appellants here, and a sister.
{¶ 4} Decedent's will distributed her entire estate of over $135,000 to appellees Patricia and Nicholas Ferry and Dana Dillon. Appellants were the sole beneficiaries under decedent's prior will. Appellants challenged the later will, arguing decedent was not competent to make a will, and was under the undue influence of Nicholas and Patricia Ferry.
{¶ 5} Prior to her last illness, decedent had lived in a mobile home in New Philadelphia, Tuscarawas County, Ohio, near Patricia and Nicholas Ferry. She was in extremely poor health, and had earlier given a neighbor her Power of Attorney. Prior to her death, she revoked the neighbor's Power of Attorney, and substituted Nicholas and Patricia Ferry. The Ferrys obtained decedent's groceries and medications, and performed other tasks which decedent was unable to do.
{¶ 6} Decedent had been admitted on several occasions to Union Hospital or a nursing home. On May 31, 1999, decedent fell and was taken by ambulance to Union Hospital. On June 5, 1999, appellee Dana Dillon visited appellant and wrote a note at her direction to be delivered to her attorney. In the note, decedent indicated she wished to change her will in favor of the Ferrys and Dillon.
{¶ 7} Appellee E.K. Wright, decedent's attorney and her executor, reviewed the request, and spoke with appellant on the phone regarding the note. He drafted a new will which was given to Nicholas Ferry. Ferry took the will to Morning View Nursing Home where decedent executed the document. Thereafter, decedent was in and out of the hospital until she passed away on August 4, 1999.
{¶ 8} The court's judgment entry of October 15, 2003, finds appellants had not provided specific information to appellees in discovery. The court found appellants' evidence was vague and convoluted, and counsel makes references to medical records not properly supplemented by Ohio Civ. R. 26. Consequently, the court found there was no specific evidence to directly or indirectly refute appellees' motion for summary judgment, and there was no specific evidence to demonstrate decedent lacked testamentary capacity. The court further found there was no showing of any facts to indicate fraud or undue influence exercised over decedent.
{¶ 9} The trial court made reference to an earlier case wherein appellant's counsel had challenged a will but failed to meet the appropriate burden of proof to survive a motion for summary judgment. The court found counsel had made little effort to investigate and support his allegations, and had failed to give basic details to show the information provided is relevant to the case at bar. The court concluded summary judgment was appropriate.
{¶ 10} In discovery, appellees asked appellants to state the basis for various allegations in the complaint. Paragraph 13 of the complaint said decedent did whatever Patricia Ferry, Nicholas Ferry, and Dana Dillon advised or told her to do, which included the making and execution of the purported will. In their discovery response, the appellants stated the reasons for the claim were that Patricia and Nicholas Ferry obtained her groceries, medications, took her to the doctor, and held her Power of Attorney. The Ferrys saw her daily at the nursing home, had sole control of her finances, and decedent had no driver's license and was unable to leave the house. When asked to state with particular clarity the basis for the allegations of undue influence, appellants referred the matter to the social worker, witness to the will, and the medical records of Morning View nurse's notes together with the records of Union Hospital. Appellants also stated decedent was under the influence of medicine, was seriously ill, and did not have her full sound mind and memory. The above answers are repeated in support of appellants' allegation in the complaint that decedent made substantial unwarranted changes in the provisions of her will, and that the making of the will was not the free and voluntary act of the decedent. Although certain witnesses are identified, no particular citations to any of the hospital and nursing home records are made. There is no certificate by the custodian of the records either of Union Hospital or of the nursing home, although counsel includes his own affidavit in which he alleges the records are true and correct copies of the originals.
{¶ 11} The hospital and nursing home records appellants filed cover several weeks. Appellants did not depose the social worker or nurses who made the notes. The notes show decedent was forgetful and confused.
{¶ 12} In support of their motion for summary judgment, appellees submitted depositions of the Patricia and Nicholas Ferry, Attorney E.K. Wright, and Fern Balder, decedent's sister. Ms Balder testified she had spoken with decedent most every day and there was never a time decedent did not seem to understand what she was saying or what was said to her. Decedent explained the change in her will because she had loaned her nieces money, and when they were taking care of her, they did not do what she wanted them to do. Decedent became angry and disillusioned when one niece tried to get her put in a nursing home. Ms. Balder testified decedent discussed with her, who her beneficiaries should be, and Balder advised her to find someone to clean up her house and take care of her.
{¶ 13} Civ. R. 56(C) states in pertinent part:
{¶ 14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
{¶ 15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the court of a basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact.
{¶ 16} If the moving party fails to meet this burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the non-moving party then has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. If the non-moving party does not so respond, summary judgment shall be entered, if appropriate, against the non-moving party, see Vahila v. Hall
(1977), 77 Ohio St.3d 421. In response to a motion for summary judgment the non-moving party must produce evidence on any issue for which that party bears the burden of production at trial,Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317.
{¶ 17} On reviewing appeals from the entry of a summary judgment, this court reviews the evidence in the same manner as the trial court, Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 506 N.E.2d 212.
{¶ 18} We have reviewed the record, and we find the trial court was correct in holding appellants produced no specific evidence tending to show decedent lacked the testamentary capacity to change her will. Appellants cite generally to the medical records, and those records, while depicting an elderly, ill, forgetful and confused person, do not demonstrate lack of testamentary capacity.
{¶ 19} We find appellants did not show there is a genuine issue of material fact. Accordingly, we find the correctly entered summary judgment on behalf of appellees. Accordingly, the assignment of error is overruled.
{¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Tuscarawas County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Edwards, J., concur.